PER CURIAM.
This disciplinary proceeding by The Florida Bar against Richard H. Hyatt, a member of The Florida Bar, is presently before us on complaint of The Florida Bar and report of referee. Pursuant to article XI, Rule 11.06(9)(b) of the Integration Rule of The Florida Bar, the referee’s report and record were duly filed with this Court. No petition for review pursuant to Integration Rule of The Florida Bar 11.09(1) has been filed.
Having considered the pleadings and evidence, the referee found as follows:
As to Count I
I recommend that respondent be found guilty and specifically that he be found guilty of violating the following Disciplinary Rules of the Code of Professional Responsibility, to wit: 6-101(A)(8) and 9-102(B)(4), as charged.
As to Count II
1 recommend that the respondent be found guilty and specifically that he be found guilty of violating the following Disciplinary Rules of the Code of Professional Responsibility, to wit: 6-101(A)(3), as charged.
As to Count III
I recommend that the respondent be found guilty and specifically that he be found guilty of violating the following Disciplinary Rules of the Code of Professional Responsibility, to wit: 6-101(A)(3), 9-102(A) and 9-102(B)(4), as charged.
As to Count IV
I recommend that the respondent be found guilty and specifically that he be found guilty of violating the following Disciplinary Rules of the Code of Professional Responsibility, to wit: 1-102(A)(4), 1-102(A)(6), 6-101(A)(3), 9-102(A) and 9-102(B)(4), as charged.
As to Count V
I recommend that the respondent be found guilty and specifically that he be found guilty of violating the following Integration Rule of The Florida Bar and the Disciplinary Rules of the Code of Professional Responsibility, to wit: article XI, Rule 11.02(4) and the associated Bylaws, 9-102(A) and 9-102(B), as charged.
As to Count VI
I recommend that the respondent be found guilty and specifically that he be found guilty of violating the following Integration Rule of The Florida Bar and Disciplinary Rules of the Code of Professional Responsibility, to wit: Integration Rule, article XI, Rule 11.02(4) and the *527 associated Bylaws; Disciplinary Rules 9-102(A) and 9-102(B), as charged.
The referee recommends that respondent be suspended from the practice of law for a period of two years, however, at the end of a period of one year if the following conditions are met respondent may petition for reinstatement:
1. Respondent shall continue to receive treatment and counseling for alcoholism through the services of the Metropolitan Alcoholism Council of Central Florida and such other agencies or programs as the Metropolitan Alcoholism Council of Central Florida may suggest from time to time which treatment shall continue during the period of the respondent’s suspension from the practice of law and thereafter, if considered necessary by the Florida Bar or the respondent;
2. Respondent shall satisfy any obligations due and owing to persons named in the complaint during the period of respondent’s suspension from the practice of law, specifically to restore to his former clients, Mr. and Mrs. Dennis Barone, the sum of $250.00 which they were forced to pay as attorney’s fees to another attorney to collect a sum of money from the respondent which sum respondent had received on their behalf and which should have been held in his trust account, but was not;
3. Respondent shall pay the costs of these proceedings;
4. Respondent shall refrain from practicing law as a solo practitioner in the private practice of law as a condition of his readmission to practice law in the State of Florida; and
5. Respondent shall eschew the use of alcoholic beverages and find responsible employment utilizing his legal experience, qualifications and abilities.
The referee recommends that if the above conditions have not been met respondent may not petition for reinstatement until the end of two years’ suspension.
Having carefully reviewed the record, we approve the findings and recommendations of the referee.
Accordingly, respondent, Richard H. Hyatt, is hereby suspended from the practice of law for a period of two (2) years effective immediately on the conditions set forth above.
Judgment for costs in the amount of $1,694.59 is hereby entered against respondent, for which let execution issue.
It is so ordered.
ADKINS, Acting C.J., and OVERTON, ALDERMAN, McDONALD and SHAW, JJ., concur.